IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN MAXWELL MONTIN, | ) | 4:12CV3171 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| BILL GIBSON, CEO, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff John Maxwell Montin ("Montin" or "Plaintiff") filed his Complaint in this matter on August 13, 2012. (Filing No. 1.) Montin has been given leave to proceed in forma pauperis. (Filing No. 8.) Accordingly, the court now conducts an initial review of his claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.  SUMMARY OF COMPLAINT

Montin filed his Complaint against Bill Gibson, the chief executive officer of the Lincoln Regional Center. Montin was committed to the Lincoln Regional Center ("LRC") in 1993 by order of the Hayes County District Court. His commitment followed a jury's finding that he was not responsible for two felonies by reason of insanity. (Filing No. 1 at CM/ECF pp. 1-2.)

Montin alleges that, since his commitment to the LRC, doctors have determined that he is not mentally ill. However, records of these findings have disappeared from his medical records. As a result, Montin's current treatment plan is based on the false belief that Montin is mentally ill. (*Id.* at CM/ECF pp. 3-4.) Montin alleges that Defendant and others have failed to protect Montin's medical records, and also refused to properly investigate their alteration. He alleges that Defendant's actions violate the Health Insurance Portability and Accountability Act

of 1996 ("HIPAA"). (*Id.* at CM/ECF pp. 7-8.)

For relief, Montin asks the court to find that the LRC (1) failed to protect the viability of his medical records, (2) refused to investigate his complaints, and (3) refused to remove false information from his medical records. (*Id.* at CM/ECF pp. 8-9.) He also seeks an injunction ordering, among other things, that all psychiatric and psychological treatment of him be stopped. (*Id.* at CM/ECF p. 10.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

### A. HIPAA

Montin alleges that Defendant violated his rights under HIPAA because he failed to protect Montin's medical records, and refused to properly investigate the alteration of his medical records. (Filing No. 1 at CM/ECF pp. 7-8.) However, HIPAA does not provide Montin with a private right of action. *See Dodd v. Jones, 623 F.3d 563, 569 (8th Cir. 2010)*.

HIPAA, 42 U.S.C. § 1320d–1320d–9, governs a patient's right to see, get a copy of, and amend (correct) his own medical records. The Act does not create a right for an individual to maintain a private law suit in his own name for an alleged violation of HIPAA. *Acara v. Banks*, 470 F.3d 569, 571-72 (5th Cir. 2006) (holding that "Congress did not intend for private enforcement of HIPAA," and "[e]very district court that has considered this issue is in agreement that the statute does not support a private right of action"). Accordingly, Montin's HIPAA claims against Defendant must be dismissed.

### B. *Rooker-Feldman* Doctrine

Here, Montin has alleged violations of HIPAA against Defendant, but the crux of Montin's argument is that he should not be confined and treated at the LRC because he is not mentally ill. The court cannot intervene in Montin's dispute with the state court.

The *Rooker-Feldman* doctrine prohibits lower federal courts from exercising appellate review of state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). Federal district courts do not have jurisdiction "over challenges to

3

state-court decisions . . . *even if* those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486 (emphasis added). In short, the "*Rooker-Feldman* doctrine" bars this court from correcting or altering a state court judgment, and no declaratory or injunctive relief is available in this court to do so. Importantly, *Rooker-Feldman* bars "straightforward appeals" as well as "more indirect attempts by federal plaintiffs to undermine state court decisions." *Lemonds v. St. Louis Cnty.*, 222 F.3d 488, 492 (8th Cir. 2000). Thus, where a "federal claim succeeds only to the extent that the state court wrongly decided the issue before it," the claim is barred by *Rooker-Feldman* because it is "inextricably intertwined with specific claims already adjudicated in state court." *Id.* at 492-93; *see also Gisslen v. City of Crystal, Minn.*, 345 F.3d 624, 627 (8th Cir. 2003) ("Where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues are inextricably intertwined.") (internal quotation omitted).

The court cannot review the constitutionality of Montin's continued confinement without questioning the validity of the judgment of the Hayes County District Court. Therefore, to the extent that Montin seeks to have the order of the Hayes County District Court invalidated, the *Rooker-Feldman* doctrine bars consideration of Montin's claim.

C.  **Leave to Amend**

In several instances throughout Montin's Complaint, he generally alleges that Defendant's conduct constituted "deliberate indifference." (*See, e.g.*, Filing No. 1 at CM/ECF pp. 7-8.) The Eighth Amendment's "deliberate indifference" standard is used by courts to examine various conditions of confinement claims by prisoners. Because Montin is civilly committed, and not a prisoner, the correct legal standard is that of due process. *See Revels v. Vincenz*, 382 F.3d 870, 874 (8th Cir. 2004). Persons who are involuntarily civilly committed have liberty interests under the due process clause of the Fourteenth Amendment entitling them to safety, freedom from

4

bodily restraint, and adequate care while in confinement. *Youngberg v. Romeo*, 457 U.S. 307 (1982).

In light of Montin's references to "deliberate indifference," he may have intended to allege that Defendant's conduct violated the Fourteenth Amendment to the United States Constitution. However, this is unclear from the allegations of the Complaint. Out of an abundance of caution, Montin will be allowed to amend his Complaint to sufficiently allege a due process claim against Defendant upon which relief may be granted. To prevail on such a claim, "a plaintiff must generally show the defendant acted with deliberate indifference to a constitutional right in a manner that shocks the conscience." *Revels*, 382 F.3d at 875.

On its own motion, the court will permit Plaintiff 30 days in which to amend his Complaint to sufficiently allege a due process claim against Defendant. If Montin fails to file a sufficient amended complaint in accordance with this Memorandum and Order, this matter will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that:

1.      Montin shall have until December 6, 2012, to amend his Complaint to clearly state a claim upon which relief may be granted against Defendant, in accordance with this Memorandum and Order. If Montin fails to file a sufficient amended complaint, this matter will be dismissed without further notice for failure to state a claim upon which relief may be granted.

2.      The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on December 6, 2012, and dismiss if none filed.

3.     Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

DATED this 8th day of November, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.